# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:06CV246-C

| | |
|---|---|
| MAUDIE STEPHENS, on behalf of herself and all others similarly situated, ) ) ) ) Plaintiff, ) ) vs. ) ) ) WACHOVIA CORPORATION, ) WACHOVIA CORPORATION ) d/b/a WACHOVIA BANK, and ) WACHOVIA BANK NATIONAL ) ASSOCIATION, ) ) Defendants. ) ) ) | **MEMORANDUM AND RECOMMENDATION AND ORDER** |

**THIS MATTER** is before the Court on the Defendants' "Motion to Compel Arbitration and to Dismiss with Prejudice, or in the Alternative, to Stay Action" (document #8) filed August 24, 2006; and "Motion to Postpone Rule 26(f) Conference" (document #15) filed September 12, 2006, and the parties' associated briefs and exhibits.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will grant the Defendants' Motion to Compel Arbitration and stay this matter pending the outcome of that proceeding, will deny as moot the Defendants' Motion to Postpone the Rule 26(f) Conference, and will respectfully recommend that the Defendants' Motion to Dismiss be denied as moot, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On June 9, 2006, the Plaintiff filed this action, on her own behalf and on behalf of the class of all similarly-situated customers of the Defendant Wachovia Bank National Association, contending that under applicable federal regulations, her Social Security retirement benefits (which were deposited into her Wachovia account by direct, electronic deposit) were exempt from certain insufficient funds fees charged by Wachovia. The Plaintiff seeks compensatory damages individually in the amount of $420 plus punitive damages, declaratory and injunctive relief, and attorneys' fees.

Relevant to the present Motions, it is undisputed that the Plaintiff first opened the subject account with SouthTrust Bank sometime in 1995. Following SouthTrust's 2005 acquisition by Wachovia, the account converted into a Wachovia account. The Plaintiff was sent a notification of the merger on September 1, 2005, and in December 2005, signed a "Customer Access Agreement," agreeing to be bound by the terms of Wachovia's "Deposit Agreement and Disclosures," which contains an arbitration clause that provides, in relevant part, as follows:

> **Arbitration of Disputes/Waiver of Jury Trial and Participation in Class Actions.** If either you or we request, any dispute or claim concerning your account or your relationship to us will be decided by binding arbitration under the expedited procedures of the Commercial Financial Disputes Arbitration Rules of the American Arbitration Association (AAA).... To the extent permitted by law, if any dispute or claim results in a lawsuit, and neither you nor we have elected or requested arbitration, you and we knowingly and voluntarily agree that a judge, without a jury, will decide the case. The arbitration or trial will be brought individually and not as part of a class action. If it is brought as a class action, it must proceed on an individual (non-class, non-representative basis). YOU UNDERSTAND AND KNOWINGLY AND VOLUNTARILY AGREE THAT YOU AND WE ARE WAIVING THE RIGHT TO A TRIAL BY JURY AND THE RIGHT TO PARTICIPATE OR BE REPRESENTED IN ANY CLASS ACTION LAWSUIT.

(Emphasis in original).

On August 24, 2006, the Defendants filed their "Motion to Compel Arbitration and to Dismiss with Prejudice, or in the Alternative, to Stay Action."

On September 12, 2006, the Defendants filed their "Motion to Postpone Rule 26(f) Conference," also known as the "Initial Attorneys' Conference," which if arbitration were not compelled, would have been the next required step in the pretrial and discovery process. See Local Rule 16.1(A) (IAC to be conducted within 69 days of appearance by any defendant or within 99 days of service of complaint).

In her responsive brief, the Plaintiff concedes that the arbitration clause is generally enforceable and that the parties' dispute is within the scope of their agreement to arbitrate. She contends, however, that the class action waiver provision renders the entire arbitration clause unconscionable, and that as a result, the Court should either permit her Complaint to go forward as a class action in federal court or excise the class action waiver from the arbitration clause and permit her to go forward with a class action in the arbitration proceeding.[1]

The Defendants' Motions have been fully briefed and are, therefore, ripe for determination.

## II. DISCUSSION OF CLAIMS

The Federal Arbitration Act ("FAA") establishes a federal policy favoring the enforcement of written agreements to arbitrate. Specifically, the FAA provides that arbitration clauses "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (1999). The FAA requires courts to stay the proceeding and compel arbitration in the event of a refusal to comply with a valid agreement to arbitrate. See

---

[1] The Plaintiff also initially objected that the costs of the arbitration proceeding will be prohibitive, but in their Reply, the Defendants have agreed to pay all arbitration fees in excess of the Plaintiff's share ($125) of the initial arbitration filing fee.

3

9 U.S.C. § 3 (1999).

The Supreme Court has instructed that "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 26 (1991), quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983). "Pursuant to that liberal policy, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability. " Moses H. Cone, 460 U.S. at 24-25. See also Choice Hotels Intern., Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 710 (4th Cir. 2001); Long v. Silver, 248 F.3d 309, 315-16 (4th Cir. 2001); and O'Neil v. Hilton Head Hosp., 115 F.3d 272, 273-74 (4th Cir. 1997).

In Gilmer, where it was unclear whether the arbitration procedures set in place by the parties' agreement would permit class action relief in the arbitration, the Supreme Court held that the arbitration clause was nevertheless enforceable. 500 U.S. at 23 (ADEA claim was subject to compulsory arbitration clause in employment contract notwithstanding possible unavailability of class action relief).

Applying Gilmer, the Fourth Circuit Court of Appeals has held that arbitration clauses that contain a waiver of the parties' right to pursue a class action are enforceable. Adkins v. Labor Ready, Inc., 303 F.3d 496, 503 (4h Cir. 2002) ("[plaintiff's] inability to bring a class action, therefore, cannot ... defeat the strong congressional preference for an arbitral forum"); and Snowden v. Checkpoint Cashing, 290 F.3d. 631, 638-39 (4th Cir. 2002) (where customer contended that defendant check cashing service charged unlawful fees, arbitration was properly compelled pursuant to arbitration clause in check cashing agreement, notwithstanding plaintiff's argument that class

4

action waiver was unconscionable). Accord Goetsch v. Shell Oil Co., 197 F.R.D. 574, 578 (W.D.N.C. 2000) (where credit card holder challenged card issuer's billing policies, "arbitration clause which prohibit[ed] arbitration as a class action [wa]s valid and enforceable").

The majority of other circuit courts considering the issue have reached the same conclusion. See, e.g., Jenkins v. First American Cash Advance of Georgia, LLC, 400 F.3d 868, 877 (11th Cir. 2005) ("arbitration agreements precluding class action relief are valid and enforceable"); Iberia Credit Bureau, Inc. v. Cingular Wireless, LLC, 379 F.3d 159, 174 (5th Cir. 2004) (noting that restrictions on "certain litigation devices" including class action relief are a "hallmark of arbitration"); Carter v. Countrywide Credit Industries, Inc., 362 F.3d 294, 300-301 (5th Cir. 2004) (noting that defendant's offer to pay arbitration costs except $125 filing fee mooted plaintiffs' argument that costs were prohibitive, and finding class action waiver appropriate); Livingston v. Associates Finance, Inc., 339 F.3d 553 (7th Cir. 2003) (purported class action referred to arbitration); and Johnson v. West Suburban Bank, 225 F.3d 366, 377 (3d Cir. 2000) (Truth in Lending Act claims are arbitrable even though class action mechanism was waived).

The Supreme Court has also held that the question of the availability of class action relief "concerns neither the validity of the [underlying] arbitration clause nor its applicability to the underlying dispute between the parties," but rather "what kind of arbitration proceeding the parties agreed to ... [a question that] arbitrators are well situated to answer." Green Tree Financial Corp. v. Bazzle, 539 U.S. 444, 452-53 (2003) (arbitrator, rather than court, should determine whether arbitration agreement allowed for class action). Accord Dockser v. Schwartzberg, 433 F.3d 421, 426 (D. Md. 2006) (applying Greentree, whether arbitration panel was to consist of one or three arbitrators was procedural question for arbitrator to resolve).

5

Applying these principles to the facts in this case, the undersigned concludes that the issue of whether the class action waiver is unconscionable and unenforceable, as the Plaintiff maintains, is an issue that may properly be addressed in arbitration. Accord Green Tree Financial Corp., 539 U.S. at 452-53 (arbitrator, rather than court, should determine whether arbitration agreement allowed for class action). Therefore, and even assuming arguendo that the arbitrator will uphold the waiver, where the parties otherwise agreed to arbitrate their present dispute, the Defendants' Motion to Compel Arbitration must be granted. Accord Gilmer, 500 U.S. at 23 (ADEA claim subject to compulsory arbitration clause notwithstanding possible unavailability of class action relief); Adkins, 303 F.3d 496, 503 (4h Cir. 2002) ("[plaintiff's] inability to bring a class action, therefore, cannot ... defeat the strong congressional preference for an arbitral forum"); Snowden, 290 F.3d. at 638-39 (where customer contended defendant check cashing service charged unlawful fees, arbitration properly compelled even though class action was waived); and Goetsch, 197 F.R.D. at 578 (where credit card holder challenged card issuer's billing policies, "arbitration clause which prohibit[ed] arbitration as a class action [wa]s valid and enforceable").

As the Defendants impliedly concede, however, although the district court has the discretion to dismiss an action where all issues raised therein are arbitrable, the more common practice is to stay the action pending the outcome of the arbitration in order to provide a convenient forum for confirmation of any ensuing arbitration award. See 9 U.S.C. § 3 ("a stay is mandatory upon a showing that the opposing party has commenced suit upon any issue referable to arbitration...."); and 9 U.S.C. § 9 ("any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated").

Accordingly, the undersigned will grant the alternative relief the Defendants' seek, that is, stay this action pending arbitration, and respectfully recommend that their Motion to Dismiss be denied as moot.

### III. ORDER

**IT IS HEREBY ORDERED** that**:**

1. The nondispositive portion of Defendants' "Motion to Compel Arbitration and to Dismiss with Prejudice, or in the Alternative, to Stay Action" (document #8) is **GRANTED**, that is, the parties are **ORDERED** to submit their dispute to binding arbitration pursuant to the provisions of their arbitration agreement, and this matter is **STAYED** pending the outcome of the arbitration. Within 30 days of the issuance of an arbitration award or other resolution of that proceeding, the parties' counsel, jointly or severally, shall report the results to the Court.

2. The Defendants' "Motion to Postpone Rule 26(f) Conference" (document #15) is **DENIED AS MOOT**.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** and having compelled the parties to arbitrate their dispute and stayed this matter pending arbitration, the undersigned respectfully recommends that the Defendants' "Motion to Dismiss" (document #8) be **DENIED AS MOOT**.

### V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411,

416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED**.

Signed: October 3, 2006

*Carl Horn, III*
_____
Carl Horn, III
United States Magistrate Judge