**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

**CIVIL CASE NO. 3:06cv246**

| | | |
|---|---|---|
| **MAUDIE STEPHENS, on behalf of herself and all other similarly situated,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **vs.** | ) ) | **O R D E R** |
| **WACHOVIA CORPORATION, WACHOVIA CORPORATION, d/b/a WACHOVIA BANK, and WACHOVIA BANK NATIONAL ASSOCIATION,** | ) ) ) ) ) | |
| **Defendants.** | ) ) ) ) | |

      **THIS MATTER** is before the Court on the Objections [Doc. 26] filed

by the Plaintiff to the Memorandum and Recommendation and Order [Doc.

24] of Magistrate Judge Carl Horn, III, filed on October 3, 2006, regarding

the disposition of the Defendants' Motion to Compel Arbitration and to

Dismiss with Prejudice, or in the Alternative, to Stay Action [Doc. 8] and the

Defendants' Motion to Postpone Rule 26(f) Discovery Conference [Doc.

15].  Also before the Court is the Plaintiff's Motion to Conduct Limited Discovery [Doc. 27].

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Defendants' Motion to Compel Arbitration and to Dismiss with Prejudice, or in the Alternative, to Stay Action [Doc. 8] and the Defendants' Motion to Postpone Rule 26(f) Conference [Doc. 15] were referred to the Magistrate Judge for disposition or for a recommendation of disposition, as may be appropriate.  On October 3, 2006, the Magistrate entered a Memorandum and Recommendation and Order [Doc. 24], (1) ordering the parties to submit their dispute to binding arbitration pursuant to the provisions of their arbitration agreement; (2) staying this matter pending the outcome of said arbitration; (3) denying as moot the Defendants' Motion to Postpone Rule 26(f) Conference; and (4) recommending that the Defendants' Motion to Dismiss be denied as moot. The Plaintiff timely filed Objections [Doc. 26] to the Memorandum and Recommendation and the Order.[1]  Additionally, the Plaintiff filed a Motion

---

[1]The Plaintiff states she is objecting to the "Recommendation" pursuant to Rule 72(b) of the Federal Rules of Civil Procedure.  Since all of the portions of the Memorandum and Recommendation and the Order to which the Plaintiff objects appear to be non-dispositive matters on which the Magistrate Judge entered an Order rather than a Recommendation, the Court will treat the Plaintiff's filing as an objection pursuant to Rule 72(a) to the relief granted.

to Conduct Limited Discovery [Doc. 27], which was not referred to the Magistrate Judge but is addressed herein.

For the reasons set forth below, the Plaintiff's Objections [Doc. 26] to the Magistrate Judge's Order [Doc. 24] granting the Defendants' Motion to Compel Arbitration [Doc. 8] and denying as moot the Defendants' Motion to Postpone Rule 26(f) Conference [Doc. 15] are overruled.  Further, for the reasons set forth below, the Court hereby adopts the Magistrate Judge's Recommendation [Doc. 24] that the Defendants' Motion to Dismiss [Doc. 8] be denied as moot.  Finally, the Plaintiff's Motion to Conduct Limited Discovery [Doc. 27] is denied.

## I.    PROCEDURAL AND FACTUAL BACKGROUND

On June 9, 2006, the Plaintiff Maudie Stephens filed this action on her own behalf and on behalf of the class of all similarly-situated customers of the Defendants (collectively "Wachovia").  The Plaintiff contends that her Social Security retirement benefits, which were deposited into her Wachovia checking account by direct, electronic deposit, were exempt from certain insufficient funds fees charged by Wachovia.  Claiming violations of 42 U.S.C. § 407, 42 U.S.C.  §1383(d)(1), 38 U.S.C. §5301, 45 U.S.C. §231m, and "other Acts of Congress," the Plaintiff seeks

compensatory damages in the amount of $420, plus punitive damages, declaratory and injunctive relief, disgorgement, restitution, and an award of attorney's fees, costs, and expenses. [Complaint, Doc. 1 at 1, 12].

For the purposes of the Motions before the Court, the following facts are not in dispute. The Plaintiff, who is an Alabama resident, opened the subject checking account in 1985. The Plaintiff initially opened her checking account with SouthTrust Bank. Following Wachovia's acquisition of SouthTrust in 2005, the account was converted into a Wachovia account. In September 2005, the Plaintiff was sent a notification of this acquisition. In December 2005, the Plaintiff signed a "Customer Access Agreement," agreeing to be bound by the terms of Wachovia's "Deposit Agreement and Disclosures for Personal Accounts" ("Deposit Agreement"), which contains an arbitration clause that states as follows:

> **Arbitration of Disputes/Waiver of Jury Trial and Participation in Class Actions.** If either you or we request, any dispute or claim concerning your account or your relationship to us will be decided by binding arbitration under the expedited procedures of the Commercial Financial Disputes Arbitration Rules of the American Arbitration Association (AAA), and Title 9 of the US Code. Arbitration hearings will be held in the city where the dispute occurred or where mutually agreed. A single arbitrator will be appointed by agreement of the parties, or, if the parties are unable to agree, by the

4

AAA and will be a retired judge or attorney with experience or knowledge in banking transactions. Each party will pay its own costs and attorney's fees. A court may enter a judgment on the award. Any statute of repose or limitations period which would provide a defense to a claim brought in a lawsuit in state or federal court will also apply with equal force and effect to any arbitration brought pursuant to this section.

To the extent permitted by law, if any dispute or claim results in a lawsuit, and neither you nor we have elected or requested arbitration, you and we knowingly and voluntarily agree that a judge, without a jury, will decide the case. The arbitration or trial will be brought individually and not as part of a class action. If it is brought as a class action, it must proceed on an individual (non-class, non-representative basis). YOU UNDERSTAND AND KNOWINGLY AND VOLUNTARILY AGREE THAT YOU AND WE ARE WAIVING THE RIGHT TO A TRIAL BY JURY AND THE RIGHT TO PARTICIPATE OR BE REPRESENTED IN ANY CLASS ACTION LAWSUIT.

[Defendants' Motion to Compel, Ex. H, Part B., Doc. 8 at ¶ 25] (emphasis in original).

The Defendants filed their Motion to Compel Arbitration and to Dismiss With Prejudice, or in the Alternative, to Stay Action [Doc. 8] on August 24, 2006. While that motion was pending, the Defendants filed a Motion to Postpone Rule 26(f) Conference until after the Court ruled on the pending Motion to Compel Arbitration and Dismiss. On October 3, 2006,

the Magistrate Judge entered its Memorandum and Recommendation and Order [Doc. 24], which (1) ordered the parties to submit their dispute to binding arbitration pursuant to the provisions of their arbitration agreement; (2) stayed this matter pending the outcome of said arbitration; (3) denied as moot the Defendants' Motion to Postpone Rule 26(f) Conference [Doc. 15]; and (4) recommended that the Defendants' Motion to Dismiss [Doc. 8] be denied as moot.  [Doc. 24].  The Plaintiff filed Objections to the Magistrate Judge's Recommendation and Order on October 18, 2006. [Doc. 26].  At the same time, the Plaintiff filed a Motion to Conduct Limited Discovery regarding certain arbitration issues.  [Doc. 27].

## II.    STANDARD OF REVIEW

Because the Magistrate Judge addressed both dispositive and non-dispositive issues in his Memorandum and Recommendation and Order, the Court will utilize two different standards of review.

A Magistrate Judge has the authority to enter a final order as to non-dispositive pretrial matters.  <u>See</u> 28 U.S.C. § 636(b)(1)(A).  A Magistrate Judge's Order with respect to non-dispositive issues is subject to review only for rulings contrary to law or for clear error.  <u>Id.</u>  "Therefore, unless the result compelled by the Magistrate Judge's ruling is contrary to law or

clearly erroneous, the Orders of the Magistrate Judge will be affirmed."

Food Lion, Inc. v. Capital Cities/ABC, Inc., 951 F.Supp. 1211, 1213

(M.D.N.C. 1996).

The Magistrate Judge also has the authority to make findings of fact

and recommendations as to the determination of dispositive issues.

See 28 U.S.C. § 636(b)(1)(B).  A party may file written objections to the

Magistrate Judge's memorandum and recommendation within ten days

after being served with a copy of the recommended disposition.  28 U.S.C.

§ 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Such objections must be made "with

sufficient specificity so as reasonably to alert the district court of the true

ground for the objection." United States v. Midgette, 478 F.3d 616, 622

(4th Cir.), cert. denied, 127 S.Ct. 3032, 168 L.Ed.2d 749 (2007).  The Court

is not required to review, under a *de novo* or any other standard, the

factual or legal conclusions of the magistrate judge to which no objections

have been raised.  Thomas v. Arn, 474 U.S. 140, 150, 106 S. Ct. 466, 472,

88 L. Ed. 2d 435 (1985). Additionally, the Court need not conduct a *de

novo* review where a party makes only "general and conclusory objections

that do not direct the court to a specific error in the magistrate's proposed

findings and recommendations." <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982).

## III.    ANALYSIS

### A.    Motion to Compel Arbitration

In their motion to compel, the Defendants argued that the Deposit Agreement contains mandatory and binding arbitration provisions, including a class action waiver by which the Plaintiff waived any rights to pursue claims on a consolidated class-wide or representative basis in arbitration.  In response, the Plaintiff argued that the class action waiver set forth in the arbitration clause of the Deposit Agreement is unconscionable under Alabama law[2] and that the entire arbitration clause is therefore unenforceable.  In the alternative, the Plaintiff argued that the class action waiver should be severed from the arbitration clause and the case allowed to proceed to arbitration without any limitation on the Plaintiff's ability to pursue a class action arbitration.[3]

---

[2]The parties agree that the Deposit Agreement is governed by the law of Alabama, and therefore, Alabama law governs the applicability of the defense of unconscionability in this case.

[3]The Deposit Agreement includes a severability clause, which states as follows:

In the event any one or more of the provisions of this Agreement shall for any reason, including under any applicable statute or rule of law, be held to be invalid, illegal

The Magistrate Judge concluded that whether the class action waiver is unconscionable and thus unenforceable is an issue that should be addressed by the parties in arbitration.  Finding the arbitration clause otherwise enforceable, the Magistrate Judge granted the Defendants' Motion to Compel Arbitration.

In objecting to the Magistrate Judge's Order, the Plaintiff argues that the Magistrate Judge erred in concluding that the unconscionability of the class action waiver was an issue to be decided in arbitration.  Indeed, the parties are generally in agreement that the Magistrate Judge erred in this conclusion.  The parties contend, and the Court agrees, that such issues must be decided by the Court before this matter proceeds to arbitration.  See Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 446, 126 S.Ct. 1204, 1209, 163 L.Ed.2d 1038 (2006).  The "question of arbitrability" is a "gateway" issue that the Court must determine before arbitration occurs.  See Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83-84, 123 S. Ct. 588, 591-92, 154 L.Ed.2d 491 (2002).  Accordingly, this Court, not an arbitrator, must decide whether the terms of the arbitration

_____

or unenforceable, the remaining provisions of this
Agreement shall remain in full force and effect.

[Defendants' Motion to Compel Arbitration, Ex. H, Part B at ¶ 38].

agreement are unconscionable and unenforceable.  See Prima Paint Corp.
v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403-04, 87 S.Ct. 1801, 1806,
18 L.Ed.2d 1270 (1967).

In objecting to the Magistrate Judge's Order, the Plaintiff no longer
challenges the validity of the arbitration clause in general.  Rather, the
Plaintiff argues that the class action waiver in the arbitration clause is
unconscionable, and she therefore requests that it be severed from the
arbitration clause.   [Objection to Memorandum and Recommendation,
Doc. 26 at 11].

The Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ("FAA") provides
that a written arbitration agreement "shall be valid, irrevocable, and
enforceable . . . ."  9 U.S.C. § 2.  The effect of the FAA is "to create a body
of federal substantive law of arbitrability, applicable to any arbitration
agreement within the coverage of the Act."  Moses H. Cone Mem'l Hosp. v.
Mercury Constr. Corp., 460 U.S. 1, 24, 103 S. Ct. 927, 941, 74 L. Ed. 2d
765 (1985).  The FAA embodies "a liberal federal policy favoring arbitration
agreements."  Id.  As such, "any doubts concerning the scope of arbitrable
issues should be resolved in favor of arbitration, whether the problem at
hand is the construction of the contract language itself or an allegation of

waiver, delay, or a like defense to arbitrability." Id. at 24-25, 103 S. Ct. at 941 (footnote omitted).

The FAA prohibits enforcement of an arbitration clause that is invalid "upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Thus, general contract law defenses under state law, such as fraud, duress or unconscionability, may be applied to invalidate an arbitration agreement without contravening the FAA. Doctor's Associates, Inc. v. Casarotto, 517 U.S. 681, 687, 116 S.Ct. 1652, 1657, 134 L.Ed.2d 902 (1996).

In the present case, the parties agree that their contract is governed by Alabama law. Under Alabama law, an unconscionable contract provision is one that "no man in his sense and not under delusion would make on the one hand, and as no honest and fair man would accept on the other." Southern United Fire Ins. Co. v. Howard, 775 So.2d 156, 163 (Ala. 2000) (quoting Layne v. Garner, 612 So.2d 404, 408 (Ala. 1992)). In determining whether a contract is unconscionable, the Alabama Supreme Court has set forth the following factors:

> (1) whether there was an absence of meaningful choice on one party's part, (2) whether the contractual terms are unreasonably favorable to one party, (3) whether there was unequal

> bargaining power among the parties, and (4)
> whether there was oppressive, one-sided or
> patently unfair terms in the contract.

Layne, 612 So. 2d at 408.  The Alabama Supreme Court has summarized

this test as "one comprised of two essential elements: (1) terms that are

grossly favorable to a party that has (2) overwhelming bargaining power."

American Gen. Finance, Inc. v. Branch, 793 So.2d 738, 748 (Ala. 2000),

cert. denied, 534 U.S. 949, 122 S.Ct. 342, 151 L.Ed.2d 258 (2001).

Unconscionability is an affirmative defense to the enforcement of a

contract under Alabama law, and the party asserting the defense has the

burden of proving such defense by "substantial evidence."  Bess v. Check

Express, 294 F.3d 1298, 1306-07 (11th Cir. 2002).

　　　　The Alabama Supreme Court has recognized two components of

unconscionability.  "To avoid an arbitration provision on the ground of

unconscionability, a party objecting to arbitration must show both

procedural and substantive unconscionability."  Blue Cross Blue Shield of

Alabama v. Rigas, 923 So.2d 1077, 1087 (Ala. 2005); Scurtu v.

International Student Exchange, 523 F.Supp.2d 1313, 1323 (S.D. Ala.

2007) ("Alabama courts require parties objecting to arbitration clauses on

unconscionability grounds to prove both procedural unconscionability . . .

and substantative unconscionability.").  The Court has defined "substantive

unconscionability" as follows:

> Substantive unconscionability relates to the
> substantive contract terms themselves and whether
> those terms are unreasonably favorable to the more
> powerful party, such as terms that impair the
> integrity of the bargaining process or otherwise
> contravene the public interest or public policy; terms
> (usually of an adhesion or boilerplate nature) that
> attempt to alter in an impermissible manner
> fundamental duties otherwise imposed by the law,
> fine-print terms or provisions that seek to negate
> the reasonable expectations of the non-drafting
> party, or unreasonably and unexpectedly harsh
> terms having to do with price or other central
> aspects of the transaction.

Leeman v. Cook's Pest Control, Inc., 902 So.2d 641, 645 (Ala. 2004)

(quoting Ex parte Thicklin, 824 So.2d 723, 731 (Ala. 2002)) (internal

citations omitted).  By contrast, "procedural unconscionability" is based

upon "procedural deficiencies in the contract formation process, such as

deception or a refusal to bargain over contract terms, today often analyzed

in terms of whether the imposed-upon party had meaningful choice about

whether and how to enter into the transaction."  Leeman, 902 So.2d at 645

(quoting Thicklin, 824 So. 2d at 731).

The Plaintiff has not presented any evidence that the arbitration

agreement at issue is procedurally unconscionable.  Specifically, the

Plaintiff has not presented any evidence that she was unable to, or even attempted to, procure a checking account with another bank that would not have required a similar arbitration provision. See Rigas, 923 So.2d at 1090 (rejecting claim of unconscionability where defendant presented no evidence that she attempted to obtain a health insurance policy with another company that did not include an arbitration provision); Leeman, 902 So.2d at 647 ("Because the Leemans do not provide the total number of pest-control-service providers available to them, this Court is unable to conclude that the Leemans could not have secured a termite-control agreement without considerable expenditure of time and resources."). Nor has the Plaintiff shown that she attempted to negotiate for the removal of the arbitration provision from the Deposit Agreement. See Rigas, 923 So.2d at 1090 (rejecting claim of unconscionability where defendant did not attempt to negotiate for removal of arbitration provision from the health insurance policy). Without such proof, the Plaintiff is unable to show that she had no "meaningful choice about whether and how to enter into the transaction." Leeman, 902 So. 2d at 645. As such, the Plaintiff has failed to show that the arbitration agreement is procedurally unconscionable.

Even though the Plaintiff has failed to show any procedural unconscionability, the Court will nevertheless address the Plaintiff's argument that the arbitration agreement is substantively unconscionable. The Plaintiff argues that although her compensatory damages in this case do not exceed $420, she will be required under the AAA Commercial Arbitration Rules to pay approximately $4500 in fees to pursue arbitration in this matter. The Plaintiff argues that since no individual would pay such fees to recover such a small amount of damages, the only effective means of redress for such a claim would be to pursue a class action. In support of her position, the Plaintiff submits the affidavits of several attorneys, who state that the fees and expenses involved in prosecuting this case far exceed the value of any potential individual recovery. As such, these lawyers opine that the only practical method for the Plaintiff to pursue this claim is by way of a class action on behalf of similarly situated Wachovia customers. [Plaintiff's Response to Defendant's Motion to Compel Arbitration, Doc. 19, Exs. 4, 5, 6, 7]. By prohibiting class action arbitration, the Plaintiff contends that the Defendants have effectively insulated themselves from liability in those cases where, as here, the potential individual recovery is relatively small. The Plaintiff thus argues that the

preclusion of class actions in cases such as hers effectively precludes from bringing an action to enforce her statutory rights.

The Plaintiff argues that the Alabama Supreme Court's decision in Leonard v. Terminix International Company, 854 So.2d 529 (Ala. 2002) is analagous to the present case. In Leonard, the plaintiffs argued that an arbitration clause that precluded class actions was unconscionable under Alabama law because the costs that would be incurred in arbitration, including attorney's fees and the required filing fees, far exceeded the potential monetary value of the plaintiffs' claim, which the plaintiffs estimated to be less than $500. Accordingly, the plaintiffs argued that a class action presented the only means for the plaintiffs to effectively obtain relief. Id. at 535. The Alabama Supreme Court held that the arbitration clause was unconscionable, noting that the arbitration clause not only limited the plaintiffs' recovery of "indirect, special, and consequential damages," but that the class action waiver in the arbitration effectively restricted the plaintiffs "to a forum where the expense of pursuing their claim far exceeds the amount in controversy." Id. at 538, 539.

Leonard, however, is distinguishable from the present case. First, while the Plaintiff's claimed damages are relatively small, the Plaintiff will

not face an excessive amount of fees by proceeding to arbitration. Wachovia has agreed to pay any of Plaintiff's fees in arbitration beyond the $125 filing fee.  [Defendant's Response to Plaintiff's Objections, Doc. 29 at 6; Second Affidavit of Timothy O. Merck, Doc. 23 at ¶¶ 8, 9].  See Taylor v. Citibank USA, N.A., 292 F.Supp.2d 1333, 1345 (M.D. Ala. 2003) (rejecting claim of unconscionability where bank offered to pay filing fees); Billups v. Bankfirst, 294 F.Supp.2d 1265, 1276 (M.D. Ala. 2003) (same).

Second, the Alabama Supreme Court's decision in Leonard was based in part on the fact that the arbitration clause also barred the plaintiffs from recovering "indirect, special, or consequential damages."  Leonard, 854 So.2d at 539.  In the present case, the arbitration agreement at issue does not limit any of the Plaintiff's substantive remedies.  The arbitration clause does not limit the damages that the Plaintiff can recover. See Lawrence v. Household Bank (SB), N.A., 343 F.Supp.2d 1101, 1112 (M.D. Ala. 2004) (rejecting claim of unconscionability where arbitration agreement did not limit damages); Taylor v. First N. Am. Nat'l Bank, 325 F.Supp.2d 1304, 1321 (M.D. Ala. 2004) (rejecting claim of unconscionability, finding plaintiff's "recovery will be no less than what she would recover absent the arbitration provision").  For these reasons, the

Court concludes that the holding of Leonard is not applicable to this case.

The Plaintiff argues that, like the plaintiffs in Leonard, the class action waiver in the arbitration clause precludes her from effectively obtaining representation in this matter because no attorney would agree to prosecute her case as an individual claim in light of the relatively small amount of her potential recovery. The Plaintiff argues that the statutory provisions under which she is proceeding do not provide for the recovery of attorney's fees and costs, and thus, the costs of hiring an attorney to represent her in the arbitration will far exceed her potential recovery. The mere fact that the Plaintiff may have to incur the expense of paying an attorney to represent her in arbitration, however, does not render the class action waiver in the arbitration clause unconscionable on its face. After all, Plaintiff's fees would not be recoverable in a civil action either.

In light of the fact that Wachovia has agreed to pay all of the Plaintiff's arbitration fees in excess of $125, the Plaintiff has not demonstrated that the costs associated with proceeding in individual arbitration are excessive or that these costs would otherwise deprive her of an opportunity to vindicate her "statutory rights," to the extent that she has any. As such, the Plaintiff has failed to demonstrate that the class action

waiver in the arbitration clause of the Deposit Agreement is substantively
unconscionable.  Because the Plaintiff has not shown that the class action
waiver is both procedurally and substantively unconscionable, the Court
therefore concludes that the class action waiver should not be severed
from the arbitration clause.  For these reasons, the Plaintiff's Objections to
the Magistrate Judge's Order granting the Defendants' Motion to Compel
Arbitration are overruled.

**B.    Motion to Postpone Rule 26(f) Conference**

Neither party filed specific objections to the Magistrate Judge's Order
denying as moot the Defendants' Motion to Postpone Rule 26(f)
Conference.  The Court has reviewed the portion of the Magistrate Judge's
Order addressing this motion and concludes that this ruling is not contrary
to law or clearly erroneous.  Since the matter is stayed (see Part C.,
below), there is no need to have a Rule 26(f) conference.

**C.    Motion to Dismiss or in the Alternative to Stay**

The Magistrate Judge ordered this matter stayed pending the parties'
arbitration and recommended that the Defendants' request for a dismissal
of this action be denied.  Neither party filed any specific objection
challenging the Magistrate Judge's Order staying the case or his

Recommendation that the Defendants' Motion to Dismiss be denied.  The Court has conducted a careful review of these portions of the Memorandum and Recommendation and Order and concludes that they are correct.  Accordingly, these portions of the Memorandum and Recommendation and Order are adopted and hereby incorporated in full.

### D.    Motion to Conduct Limited Discovery

Along with her Objections to the Magistrate Judge's Memorandum and Recommendation and Order, the Plaintiff filed a motion seeking leave to conduct limited discovery in this case.  Specifically, the Plaintiff requests permission (1) to take the deposition of two unspecified individuals, (2) to send one third-party subpoena to an unidentified entity, and (3) to propound interrogatories, requests for production, and requests for admission on the following topics:

> (1)  Costs of arbitration;
>
> (2)  Costs of arbitration under the AAA Commercial Rules;
>
> (3)  Costs of arbitration in cases seeking equitable relief;
>
> (4)  Costs of arbitration in past cases brought against Wachovia, including those cases seeking equitable relief;

(5)  Whether, and to what extent, fees/costs of arbitration are waived and/or shifted by the AAA, including past cases brought against Wachovia and those cases seeking equitable relief;

(6)  Whether, and to what extent, discovery is allowed in arbitrations conducted by the AAA;

(7)  Whether, and to what extent, the rules of evidence apply in arbitrations conducted by the AAA;

(8)  Whether Wachovia will stipulate in arbitration that it has violated federal law with regard to the Plaintiff's account;

(9)  Whether the arbitration agreement is explained to Wachovia's customers, including those similarly situated to the Plaintiff;

(10)  Whether any customers, including those similarly situated to the Plaintiff, are given an opportunity to accept or reject the arbitration provision; and

(11)  Whether Wachovia has ever joined in a class action suit against one of its customers similarly situated to the Plaintiff.

The Plaintiff argues that this discovery "will allow both this Court and the Parties to have a better understanding of Wachovia's arbitration agreements with its customers and the costs [the Plaintiff] will actually incur as a result of having her claims relegated to individual arbitration." The Plaintiff's requested discovery, however, is unnecessary at this stage

in the proceedings. Both parties already have submitted ample evidence regarding the costs and fees anticipated to be incurred in arbitration, and the Plaintiff has failed to show how the evidence already presented to the Court is not adequate to determine these issues. Most of the Plaintiff's other inquiries, such as whether discovery is allowed in AAA arbitrations and whether the Rules of Evidence are applicable to such proceedings, are issues that can be answered with a review of the AAA's Commercial Arbitration Rules and Supplementary Procedures for Consumer-Related Disputes. The remaining topics, such as whether Wachovia will stipulate in arbitration that it has violated the law or whether Wachovia has ever joined in a class action against one of its customers, are simply beyond the scope of the issues presently before the Court. For these reasons, the Plaintiff's Motion to Conduct Limited Discovery is denied.

## IV.  CONCLUSION

For the reasons stated herein, **IT IS, THEREFORE, ORDERED** the Plaintiff's Objections [Doc. 26] to the Magistrate Judge's Memorandum and Recommendation and Order [Doc. 24] filed October 18, 2006 are **OVERRULED**, and the Memorandum and Recommendation is hereby **ADOPTED**, and the relief granted in the Order is **AFFIRMED**, but only to

the extent that the Plaintiff is hereby compelled to proceed to arbitration and that such arbitration shall proceed as to the Plaintiff's individual claim only. To the extent that the Magistrate Judge's Order reserves for the arbitration panel the issue of whether the Plaintiff may pursue a class action in arbitration, the Magistrate Judge's Order is **REVERSED**.

**IT IS FURTHER ORDERED** that the Defendants' Motion to Compel Arbitration [Doc. 8] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Defendants' Motion to Dismiss with Prejudice [Doc. 8] is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendants' Motion to Stay Action [Doc. 8] is **GRANTED**. This matter is hereby **STAYED** pending the arbitration of the Plaintiff's claims.

**IT IS FURTHER ORDERED** that the Defendants' Motion to Postpone Rule 26(f) Conference [Doc. 15] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion to Conduct Limited Discovery [Doc. 27] is **DENIED**.

**IT IS SO ORDERED.**

Signed: March 7, 2008

Martin Reidinger
United States District Judge