# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:06cv246

| | |
|---|---|
| MAUDIE STEPHENS, on behalf of herself and all other similarly situated, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>WACHOVIA CORPORATION, )<br>WACHOVIA CORPORATION, d/b/a )<br>WACHOVIA BANK, and WACHOVIA )<br>BANK NATIONAL ASSOCIATION, )<br>)<br>Defendants. )<br>)<br>_____ ) | <u>**O R D E R**</u> |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Reconsider [Doc. 55] and the Plaintiff's Motion for Permission to Appeal [Doc. 56].

## I. Factual and Procedural Background

On June 9, 2006, the Plaintiff Maudie Stephens filed this action on her own behalf and on behalf of the class of all similarly-situated customers of the Defendants (collectively "Wachovia"). The Plaintiff contends that her

Social Security retirement benefits, which were deposited into her Wachovia checking account by direct, electronic deposit, were exempt from certain insufficient funds fees charged by Wachovia.  Claiming violations of 42 U.S.C. § 407, 42 U.S.C. §1383(d)(1), 38 U.S.C. §5301, 45 U.S.C. §231m, and "other Acts of Congress," the Plaintiff seeks compensatory damages, punitive damages, declaratory and injunctive relief, disgorgement, restitution, and an award of attorney's fees, costs, and expenses.  [Complaint, Doc. 1 at 1, 12].

The Defendants filed a Motion to Compel Arbitration and to Dismiss With Prejudice, or in the Alternative, to Stay Action [Doc. 8] on August 24, 2006, arguing that the parties' Deposit Agreement required the arbitration of the Plaintiff's claims.  On October 3, 2006, the Magistrate Judge entered its Memorandum and Recommendation and Order [Doc. 24], ordering the parties to submit their dispute to binding arbitration and staying this matter pending the outcome of said arbitration.  The Plaintiff filed Objections to the Magistrate Judge's Order on October 18, 2006, arguing, *inter alia,* that the Magistrate Judge erred by not following Alabama law and by failing to sever the class action waiver provision from the parties' arbitration agreement.  [Doc. 26].

Subsequently, the Plaintiff filed fifteen (15) Notices of Supplemental Authority, including a Notice dated November 30, 2007 [Doc. 49], in which she asserted that the Alabama Supreme Court's recent decision in Carraway v. Beverly Enterprises Alabama, Inc., __ So.2d __, 2007 WL 2070354 (Ala. 2007), re-articulated the law of unconscionability with regard to arbitration agreements. The Plaintiff filed her final Notice of Supplemental Authority on February 19, 2008 [Doc. 53], in which she asserted, for the first time, that North Carolina law is applicable to the Deposit Agreement and thus the North Carolina Supreme Court's recent decision in Tillman v. Commercial Credit Loans, Inc., 655 S.E.2d 362 (N.C. 2008), is controlling authority for the case.

On March 7, 2008, the Court entered an Order [Doc. 54] overruling the Plaintiff's Objections to the Magistrate Judge's Order compelling the Plaintiff to arbitration. The Court, however, reversed the Magistrate Judge's Order to the extent that it reserved for the arbitration panel the issue of whether the Plaintiff may pursue a class action in arbitration. [Order, Doc. 54 at 22-23]. Concluding that the Plaintiff had failed to show that the class action waiver was both procedurally and substantively

unconscionable under Alabama law, the Court held that the Plaintiff was not entitled to pursue a class action in arbitration. [Order, Doc. 54 at 19].

On March 20, 2008, the Plaintiff filed a Motion to Reconsider [Doc. 55], seeking relief from the Court's Order [Doc. 54] pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The Plaintiff also filed a Motion for Permission to Appeal [Doc. 56] pursuant to 28 U.S.C. § 1292(b). The Defendants filed responses, opposing both motions. [Docs. 57 and 58]. The Plaintiff's Motions [Docs. 55 and 56] are now ripe for review.

## II.    Motion for Reconsideration

The Plaintiff has filed her Motion to Reconsider [Doc. 55] pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. However, Rule 60(b) provides relief only "from a *final* judgment, order, or proceeding." Fed. R. Civ. P. 60(b) (emphasis added). "An order compelling arbitration is final when it results from a proceeding in which the sole issue before the district court is the arbitrability of the dispute." Humphrey v. Prudential Securities Inc., 4 F.3d 313, 317 (4th Cir. 1993). If "the 'issue of arbitrability originated as part of an action raising other claims for relief, it is considered to be an 'embedded' proceeding,'" and thus an order compelling arbitration is not an appealable final order under the Federal Arbitration Act. CNF

Constructors, Inc. v. Donohoe Construction Co., 57 F.3d 395, 398 (4th Cir. 1995) (quoting American Cas. Co. v. L-J, Inc., 35 F.3d 133, 136 (4th Cir. 1994)). In the present case, the arbitrability of the parties' dispute arose among the claims asserted by the Plaintiff pursuant to 42 U.S.C. § 407, 42 U.S.C. §1383(d)(1), 38 U.S.C. §5301, 45 U.S.C. §231m, and "other Acts of Congress." [Complaint, Doc. 1 at 1, 12]. Because the the issue of arbitrability was not the sole issue before the Court, the Order compelling the Plaintiff to arbitrate her claims was merely interlocutory in nature, and thus, the Plaintiff cannot seek relief from that Order pursuant to Rule 60(b).

The Court may reconsider and modify an interlocutory order at any time prior to the entry of a final judgment. American Canoe Ass'n, Inc. v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003); Fed. R. Civ. P. 54(b). As a general rule, the Court will reconsider an interlocutory order where "(1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice." Akeva L.L.C. v. Adidas America, Inc., 385 F.Supp.2d 559, 566 (M.D.N.C. 2005). Ultimately, the decision whether to reconsider or modify an

interlocutory order is a matter within the discretion of the Court. American Canoe Ass'n, 326 F.3d at 515.

In her Motion to Reconsider, the Plaintiff appears to argue that the Court erred in not applying North Carolina law to the Deposit Agreement on the grounds that Alabama law regarding class action waivers is contrary to North Carolina public policy. [Doc. 55 at 2-3]. As such, she argues that the North Carolina Supreme Court's recent decision in Tillman v. Commercial Credit Loans, Inc., 655 S.E.2d 362 (N.C. 2008) is controlling authority for the case.

Plaintiff's argument is completely contrary to her prior filings in this case, in which she argued that Alabama law determined the issue of the unconscionability of the Deposit Agreement. See Plaintiff's Response to Motion to Dismiss, Doc. 19 at 17-21; Plaintiff's Objections to Magistrate Judge's Recommendation, Doc. 26 at 2 ("Judge Horn erred by not following *Alabama law* and severing the ban on arbitration which limits Ms. Stephens' ability to take full advantage of the arbitration process.") (emphasis added). The Plaintiff's argument that North Carolina law is controlling is also contrary to the plain language of the parties' Deposit Agreement, which provides that the applicable law is the law of the state

where the Plaintiff's account was opened. [Deposit Agreement, Doc. 10-10, Ex. H at ¶34]. The parties do not dispute that the subject account was opened in the state of Alabama. [Affidavit of Timothy O. Merck, Doc. 10 at ¶8; Affidavit of Maudie Stephens, Doc. 19-2, Ex. A]. Finally, the Plaintiff acknowledges that North Carolina adheres to the *lex loci contracti* rule. [Motion to Reconsider, Doc. 55 at 2]. Thus, even without the choice of law provision in the Deposit Agreement, North Carolina law would dictate applying the law of Alabama to this action. For all these reasons, the Court finds no basis for applying the law of North Carolina, and in particular the <u>Tillman</u> decision, to the present case.

Alternatively, the Plaintiff appears to argue that the Court erred in failing to consider the recent decision by the Alabama Supreme Court in <u>Carraway v. Beverly Enterprises Alabama, Inc.</u>, __ So.2d __, 2007 WL 2070354 (Ala. 2007), as "precedential authority." [Motion to Reconsider, Doc. 55 at 6]. Specifically, the Plaintiff contends that <u>Carraway</u> is "a re-articulation of the law with regard to challenges of unconscionability of arbitration agreements found in the [sic] <u>Blue Cross Blue Shield v. Rigas</u>, 923 So.2d 1077, 1087 (Ala. 2005)," and that according to this "current formulation," the Plaintiff "must demonstrate only that terms are grossly

7

unfavorable and are dictated by a party with overwhelming bargaining power" in order to show unconscionability. [Id. at 7].

The Carraway decision does not serve as any basis for reconsideration of the Court's prior Order. Carraway did not involve the issue of the unconscionability of a class action waiver in an arbitration agreement. Furthemore, to the extent that Carraway, an unpublished decision, may purport to restate the standard for unconscionability under Alabama law as stated in Blue Cross Blue Shield v. Rigas, 923 So.2d 1077 (Ala. 2005), the latter decision, being a published decision, is controlling authority on this issue. Accordingly, the Court's reliance on the Rigas decision was proper.

Finally, the Plaintiff reargues her contention that the Court should not consider the fact that the Defendants have offered to pay her arbitration fees in determining whether the arbitration agreement is unconscionable. The decisions cited by the Plaintiff in support of this argument, Mobil Oil Corp. v. Earhart Petroleum, Inc., No. 99-2093, 2000 WL 530351 (4th Cir. May 3, 2000) and Overstreet v. Contigroup Companies, Inc., 462 F.3d 409 (5th Cir. 2006), do not apply Alabama law and therefore are not controlling on this issue. By contrast, at least two federal courts, both applying

Alabama law, have considered a defendant's offer to pay arbitration fees in determining whether an arbitration clause is unconscionable and therefore unenforceable.  See Taylor v. Citibank USA, N.A., 292 F.Supp.2d 1333, 1345 (M.D. Ala. 2003) (rejecting claim of unconscionability where bank offered to pay filing fees); Billups v. Bankfirst, 294 F.Supp.2d 1265, 1276 (M.D. Ala. 2003) (same).

For these reasons, the Plaintiff's Motion for Reconsideration [Doc. 55] is **DENIED**.

### III. Motion for Permission to Appeal

The Plaintiff moves for permission pursuant to 28 U.S.C. § 1292(b) to appeal the Court's Order directing her to arbitration.  [Doc. 56].  Section 1292 provides that a district court may certify an interlocutory order for immediate appeal where (1) the "order involves a controlling question of law as to which there is substantial ground for difference of opinion" and (2) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  "The purpose of § 1292(b) is to allow for an early appeal of an order when appellate-level resolution of issues addressed by that order may provide more efficient disposition of the litigation."  State ex rel. Howes v. Peele, 889 F.Supp.

849, 851-52 (E.D.N.C. 1995). This provision "was not intended to allow interlocutory appeal in ordinary suits," or "as a vehicle to provide early review of difficult rulings in hard cases." Id. at 852 (quoting in part Abortion Rights Mobilization, Inc. v. Regan, 552 F.Supp. 364, 366 (S.D.N.Y. 1982)). Rather, section 1292(b) "is limited to extraordinary cases where early appellate review might avoid protracted and expensive litigation." Howes, 889 F.Supp. at 852. Accordingly, the Fourth Circuit has noted that section 1292(b) "should be used sparingly and ... its requirements must be strictly construed." Myles v. Laffitte, 881 F.2d 125, 127 (4th Cir. 1989). The decision of whether to certify an interlocutory appeal is a matter within the discretion of the Court. See Howes, 889 F.Supp. at 852.

While the Plaintiff argues that numerous courts have reached different conclusions regarding the unconscionability of class action waivers, the Plaintiff has failed to show that there is substantial ground for difference of opinion as to *Alabama law* regarding this issue. See, e.g., Ryan, Beck & Co., LLC v. Fakih, 275 F.Supp.2d 393, 397-98 (E.D.N.Y. 2003) (finding disagreement among courts outside the controlling circuit did not constitute "substantial ground for difference of opinion").

Further, permitting this interlocutory appeal would not materially advance the litigation. Without an appeal, Plaintiff will proceed to arbitration for what should be a relatively direct and concise proceeding pertaining only to her account.[1] Once arbitration is completed, this litigation will essentially be over, with the exception of confirming the award, if that is applicable. If the Court allowed this interlocutory appeal to proceed, the case would have to work its way through the appellate process before the parties could proceed to arbitration, and ultimately, to the conclusion of this litigation. Thus, certifying an interlocutory appeal on the narrow issue pertaining to the class action waiver only would delay the resolution of this case. Accordingly, Plaintiff's Motion for Permission to Appeal [Doc. 56] is **DENIED**.

---

[1]The Plaintiff argues that, given the costs to be incurred in arbitration, she "is faced with the almost certain probability that she will be prevented from prosecuting her statutory claims" absent an opportunity to pursue this as a class action. Based thereon Plaintiff argues that certifying an interlocutory appeal on the class action waiver issue "will materially advance the ultimate termination of the litigation." [Motion for Permission to Appeal, Doc. 56 at 9]. The Court cannot accept the factual premise of this argument. For the reasons discussed in the Court's prior Order [Doc. 54], Plaintiff's arbitration costs are limited to $125. Thus, pursuing her claims in arbitration will not be cost-prohibitive. Further, if counsel chooses not to continue their representation of the Plaintiff at arbitration, the Plaintiff can obtain other counsel or even proceed *pro se* in those proceedings. Thus, Plaintiff's argument that she "will be prevented from prosecuting her statutory claims" if she has to pursue her claim individually is simply without merit.

**IT IS, THERFORE, ORDERED** that the Plaintiff's Motion to Reconsider [Doc. 55] is **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Permission to Appeal [Doc. 56] is **DENIED**.

**IT IS SO ORDERED.**

Signed: April 21, 2008

Martin Reidinger
United States District Judge